UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| -against- | )<br>) |
| HUDSON VALLEY HOSPITAL CENTER | )<br>)<br>) |
| Defendant. | )<br>) |

Civil Action No.

COMPLAINT AND
JURY TRIAL DEMAND

**07 CIV. 8376**

JUDGE CONNER

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Glorianne Romano ("Romano"). As alleged with greater particularity below, Hudson Valley Hospital Center ("Defendant") subjected Romano to discrimination by failing to accommodate her disability, Diabetes Type I, otherwise known as "brittle diabetes," and by terminating her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4. At all relevant times, Defendant Hudson Valley Hospital Center has been a New York not for profit corporation doing business in the State of New York and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Romano filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Romano suffers from Type 1 "brittle" Diabetes, which substantially limits her in the major life activity of eating. During the relevant time period, she was a qualified individual with a disability pursuant to Title I of the ADA.

9. Romano worked for Defendant for over ten years, first as a Licensed Practical Nurse, and prior to her termination, as an Employee Health Nurse.

10. In 2005, Romano's treating endocrinologist advised her that it was medically necessary for her to work a more consistent schedule to help control her disability. This more consistent schedule would require Romano to work a consecutive day schedule, Monday through Wednesday instead of an alternating day schedule, Monday, Wednesday, and Friday.

11. Romano requested this schedule as a reasonable accommodation and Defendant granted her request.

12. Within less than two months after granting Romano's request, Defendant withdrew the reasonable accommodation.

13. As a result of failing to accommodate Romano, Defendant terminated her employment.

14. Defendant's failure to accommodate Romano's disability and its related termination of Romano's employment violated the ADA.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to Romano's federally protected rights.

17. The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Romano by depriving her of equal employment opportunities in violation of the ADA.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

 B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of their unlawful employment practices,

 C. Order Defendant to make Romano whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, front pay and reinstatement.

 D. Order Defendant to make Romano whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience in amounts to be determined at trial.

 E. Order Defendant to pay Romano punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

 F. Grant such further relief as the Court deems necessary and proper in the public interest.

 G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 24, 2007

Respectfully submitted,

Ronald Cooper
General Counsel
James L. Lee
Deputy General Counsel
Gwendolyn Y. Reams
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.   20507

/ Elizabeth Grossman
Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696
Elizabeth.Grossman@eeoc.gov

/ Louis Graziano
Louis Graziano (LG/0530)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3188
Rosa.Baldwin@eeoc.gov