UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
EQUAL EMPLOYMENT            :
OPPORTUNITY COMMISSION,     :
                            :   Civil Action No. 07 Civ. 8376
            Plaintiff,      :
                            :   ANSWER
    - against -             :
                            :
HUDSON VALLEY HOSPITAL CENTER, :
                            :
            Defendant.      :
------------------------------------------------------- x

Defendant, Hudson Valley Hospital Center (hereinafter the "Hospital"), by and through its attorneys, Putney, Twombly, Hall & Hirson LLP, as and for its answer to Plaintiff's Complaint, answers as follows:

Denies each and every allegation contained in the Complaint paragraph entitled <u>Nature of the Action</u>.

1. Denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

2. Denies the allegations contained in Paragraph 2 of the Complaint.

3. Denies the allegations contained Paragraph 3 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

4. Admits the allegations contained in Paragraph 4 of the Complaint.

5. Denies the allegations contained in Paragraph 5 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

6. Denies the allegations contained in Paragraph 6 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

7. Denies the allegations contained in Paragraph 7 of the Complaint, except admits that Glorianne Romano ("Romano"), filed a charge of discrimination with Plaintiff.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Admits the allegations contained in Paragraph 9 of the Complaint.

10. Denies the allegations contained in Paragraph 10 of the Complaint.

11. Denies the allegations contained in Paragraph 11 of the Complaint, except admits that the Hospital granted a temporary change in her work schedule.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

### AS AND FOR A FIRST DEFENSE

18. Any and all actions taken by the Hospital were based on legitimate non-discriminatory reasons unrelated to any disability or perceived disability of Romano and unrelated to any invocation or exercise by her of her rights arising under Federal, State or local law.

### AS AND FOR A SECOND DEFENSE

19. Upon information and belief, Romano has failed to mitigate her damages, the existence of which is denied, as required under applicable law. Therefore, Romano is not entitled to any relief.

### AS AND FOR A THIRD DEFENSE

20. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH DEFENSE

21. The claims in the Complaint are barred, in whole or in part, by the relevant Statute(s) of Limitations.

### AS AND FOR A FIFTH DEFENSE

22. The claims in the Complaint are barred by the doctrines of waiver and estoppel.

### AS AND FOR A SIXTH DEFENSE

23. Upon information and belief, Romano does not have a disability as that term is defined by The Americans with Disabilities Act ("ADA") or any other Federal, State or local law.

### AS AND FOR A SEVENTH DEFENSE

24. The work schedule requested by Romano constituted an undue hardship for the Hospital.

### AS AND FOR AN EIGHTH DEFENSE

25. The Hospital offered Romano other reasonable accommodations for her alleged disability, which she refused.

26. Therefore, Romano is not entitled to recovery.

### AS AND FOR AN NINTH DEFENSE

27. At all relevant times, the Hospital fulfilled all of its obligations under the Americans with Disabilities Act and all other federal, state, and local anti-discrimination laws.

WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety, with prejudice, and awarding the Hospital its costs, fees, (including attorneys' fees) and disbursements incurred in defending this action, and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 13, 2007

*(signature)*

Daniel F. Murphy, Jr. (DM 9196)
Mary Ellen Donnelly (MD 4936)
Matthew M. Riordan (MMR 4347)
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue, 10th Floor
New York, New York 10175
(212) 682-0020

*Attorneys for Defendant,*
*Hudson Valley Hospital Center*

To:
Elizabeth Grossman
Regional Attorney
Equal Employment Opportunity Commission
33 Whitehall St., 5th Floor
New York, New York 10004-2112
(212) 336-3696

Sunu P. Chandy
Senior Trial Attorney
Equal Employment Opportunity Commission
33 Whitehall St., 5th Floor
New York, New York 10004-2112
(212) 336-3696

# AFFIDAVIT OF SERVICE

Kate Martin, being duly sworn, deposes and says:

1. I am not a party to the action, am over 18 years of age and reside in New York County and State of New York.

2. On December 13, 2007, I caused the within Answer in this action to be delivered via Electronic Case Filing mail to:

>Elizabeth Grossman
>Regional Attorney
>Equal Employment Opportunity Commission
>33 Whitehall St., 5th Floor
>New York, New York 10004-2112
>
>Sunu P. Chandy
>Senior Trial Attorney
>Equal Employment Opportunity Commission
>33 Whitehall St., 5th Floor
>New York, New York 10004-2112
>(212) 336-3696

_____
KATHERINE MARTIN

Sworn to before me this
13th day of December, 2007

_____
Notary Public

H:\mmr\Hudson Valley Hospital\Legal\revised answer.doc

TABA RUBINOWITZ
Notary Public, State of New York
No. 01RU4646347
Qualified in Kings County
Commission Expires June 30, 2011

5