UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>GLORIANNE ROMANO,<br><br>    Plaintiff-Intervenor,<br><br>    -against-<br><br>HUDSON VALLEY HOSPITAL CENTER,<br><br>    Defendant. | Civil Action No. 07-8376<br><br>COMPLAINT IN INTERVENTION<br><br>JURY TRIAL DEMANDED |

Plaintiff-Intervenor, Glorianne Romano, by her attorneys Greenberg & Greenberg, LLP, as and for her Complaint in Intervention, alleges as follows upon information and belief:

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), Title I of the Civil Rights Act of 1991, and the New York State Human Rights Law, Executive Law § 290 *et seq* ("Human Rights Law"), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Glorianne Romano ("Romano"). As alleged with greater particularity below, Hudson Valley Hospital Center ("Defendant") subjected Romano to discrimination by failing to accommodate her disability, Diabetes Type I, otherwise known as "brittle diabetes," and by terminating her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The Court has supplemental jurisdiction of the claims arising under the Human Rights Law pursuant to 28 U.S.C. §1367, because the Human Rights Law claims arise from the same operative facts as the federal claims and are so related as to form part of the same case or controversy.

3. Romano is entitled to file this Complaint in Intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure, and 42 U.S.C. §§2000e-5(f)(1) and (3).

4. Venue is appropriate as the alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

5. The claims asserted in this Complaint in Intervention and the claims asserted in the EEOC Complaint arise from a common nucleus of operative facts.

6. Romano's proposed intervention is timely. No other motions have been filed with the Court and discovery has not commenced.

## PARTIES

7. At all relevant times, Romano, was an "employee" covered by the ADA and the Human Rights Law.

8. At all relevant times, Romano, has been disabled within the meaning of the ADA and the Human Rights Law.

9. At all relevant times, Defendant Hudson Valley Hospital Center has been a New

2

York not for profit corporation doing business in the State of New York and has continuously had at least 15 employees.

10. At all relevant times, Defendant Hudson Valley Hospital Center has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

11. At all relevant times, Defendant Hudson Valley Hospital Center has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2) and the Human Rights Law.

## STATEMENT OF CLAIMS

12. Romano hereby alleges and incorporates by reference, as if fully set forth herein, all of the allegations of the EEOC Complaint in this action.

13. More than thirty days prior to the institution of this lawsuit, Romano filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Romano suffers from Type 1 "brittle" Diabetes, which substantially limits her in the major life activity of eating. During the relevant time period, she was a qualified individual with a disability pursuant to Title I of the ADA.

15. Romano worked for Defendant Hudson Valley Hospital Center for over ten years, first as a Licensed Practical Nurse, and prior to her termination, as an Employee Health Nurse.

16. In 2005, Romano's treating endocrinologist advised her that it was medically necessary for her to work a more consistent schedule to help control her disability. This more consistent schedule would require Romano to work a consecutive day schedule, Monday through

Wednesday instead of an alternating day schedule, Monday, Wednesday, and Friday.

17. Romano requested this schedule as a reasonable accommodation and Defendant granted her request.

18. Within less than two months after granting Romano's request, Defendant withdrew the reasonable accommodation.

19. As a result of failing to accommodate Romano, Defendant terminated her employment.

20. Defendant's failure to accommodate Romano's disability and its related termination of Romano's employment violated the ADA and the Human Rights Law.

21. The unlawful employment practices complained of above were intentional.

22. The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Romano by depriving her of equal employment opportunities in violation of the ADA and the Human Rights Law.

## AS AND FOR THE FIRST CLAIM
## AGAINST DEFENDANT – ADA

23. Romano hereby realleges and incorporates by reference, as if fully set forth herein, all of the allegations of the EEOC Complaint in this action and paragraphs 1-22 above.

24. Defendant failed to reasonably accommodate Romano's disability in violation of the ADA.

25. Defendant terminated Romano in violation of the ADA.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to Romano's federally protected rights.

27. As a proximate result of Defendant's acts and practices described above, Romano

4

suffered and endured, and will continue to suffer and endure, serious and possibly permanent emotional pain, suffering and anguish, loss of enjoyment of life, loss of self-esteem, embarrassment, humiliation, and other damages.

28. Defendant is therefore liable to Romano for compensatory damages, punitive damages, and other affirmative relief, costs and attorney's fees, in a sum to be awarded at trial.

## AS AND FOR THE SECOND CLAIM

## AGAINST DEFENDANT – HUMAN RIGHTS LAW

29. Romano hereby realleges and incorporates by reference, as if fully set forth herein, all of the allegations of the EEOC Complaint in this action and paragraphs 1-28 above.

30. Defendant failed to reasonably accommodate Romano's disability in violation of Section 296 of the Human Rights Law.

31. Defendant terminated Romano in violation of Section 296 of the Human Rights Law.

32. The unlawful employment practices complained of above were done with malice or with reckless indifference to Romano's rights.

33. As a proximate result of Defendant's acts and practices described above, Romano suffered and endured, and will continue to suffer and endure, serious and possibly permanent emotional pain, suffering and anguish, loss of enjoyment of life, loss of self-esteem, embarrassment, humiliation, and other damages.

34. Defendant is therefore liable to Romano for compensatory damages, punitive damages, and other affirmative relief, costs and attorney's fees, in a sum to be awarded at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Romano respectfully requests judgment against Defendant

Hudson Valley Hospital Center as follows:

A. On the First Claim, for violation of the ADA, in amounts to be determined at trial, compensatory damages against Defendant Hudson Valley Hospital Center, for past and future pecuniary losses (including but not limited to appropriate back pay with prejudgment interest, front pay and reinstatement); compensatory damages against Defendant for past and future non-pecuniary losses (including but not limited to emotional pain, suffering and inconvenience); punitive damages against Defendant, for their malicious and reckless conduct described above; costs; and reasonable attorney's and expert fees.

B. On the Second Claim, for violation of the Human Rights Law, in amounts to be determined at trial, compensatory damages against Defendant Hudson Valley Hospital Center, for past and future pecuniary losses (including but not limited to appropriate back pay with prejudgment interest, front pay and reinstatement), compensatory damages against Defendant for past and future non-pecuniary losses (including but not limited to emotional pain, suffering and inconvenience), and, costs; and reasonable attorney's and expert fees.

C. For such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff Romano requests a jury trial on all questions properly triable by a jury.

Dated: March 6, 2008

Respectfully submitted,
**GREENBERG & GREENBERG, LLP**

S/ FILED ELECTRONICALLY THROUGH ECF

By: James K. Greenberg (JKG 7301)
Attorneys for Plaintiff
*GLORIANNE ROMANO*
363 Seventh Avenue, Suite 400
New York, New York 10001
(212)545-7337